PROB 12C
(6/16)

Report Date: January 2, 2020

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Jan 03, 2020**

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Mandy Lee Thomason                Case Number: 0980 2:16CR00198-SMJ-5

Address of Offender:

    of Sentencing Judicial Officer:  The Honorable Salvador Mendoza, Jr., U.S. District Judge

Date of Original Sentence: September 28, 2017

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. §§ 1344, 1349 | |
| Original Sentence: | Prison - 201 days;<br>TSR - 48 days | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | George J. C. Jacobs, III | Date Supervision Commenced: October 3, 2017 |
| Defense Attorney: | William Miles Pope | Date Supervision Expires: October 2, 2021 |

### PETITIONING THE COURT

**To issue a WARRANT.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number     Nature of Noncompliance

      1            **Special Condition #5**: You must abstain from the use of illegal controlled substances, and submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

                   **Supporting Evidence**: On or about December 20, 2019, Mandy Thomason violated the conditions of her supervision by admitting to the use of methamphetamine.

                   On October 5, 2017, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Ms. Thomason, as outlined in the judgment and sentence. She signed a copy acknowledging the requirements.

                   On December 20, 2019, Ms. Thomason reported to the U.S. Probation Office to meet with this officer.  She was notified she would need to submit to random urinalysis testing and after some time, she provided a urine sample that tested presumptive positive for methamphetamine and amphetamine. Although she initially attempted to deny the use of any illicit substances, the offender eventually admitted to the use of methamphetamine on December 19, 2019.

Prob12C
**Re: Thomason, Mandy Lee**
**January 2, 2020**
**Page 2**

| | | |
|---|---|---|
| 2 | | **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision. |

**Supporting Evidence**: On or about December 20, 2019, Mandy Thomason violated the conditions of her supervision by failing to report to the women's shelter as instructed by this officer.

On October 5, 2017, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Ms. Thomason, as outlined in the judgment and sentence. She signed a copy acknowledging the requirements.

On December 20, 2019, after admitting to the use of methamphetamine, Ms. Thomason was again instructed to report to the women's shelter as she does not have a stable residence that could be approved by this officer until a bed could be secured for her at the Spokane Residential Reentry Center (RRC). As she had done multiple times before, the offender confirmed she understood this officer's instructions and would report to the shelter.

On December 23, 2019, after the offender assured this officer she had spent the night at the House of Charity shelter, this officer contacted the shelter and was informed that no one by that name had checked in or spent the night at their facility.

3   **Standard Condition #4**: You must be truthful when responding to the questions asked by the probation officer.

**Supporting Evidence**: On or about December 23, 2019, Mandy Thomason violated the conditions of her supervision by informing this officer she had stayed at the House of Charity shelter as instructed, which was not true.

On October 5, 2017, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Ms. Thomason, as outlined in the judgment and sentence. She signed a copy acknowledging the requirements.

On December 20, 2019, Ms. Thomason was again instructed to report to the women's shelter as she does not have a stable residence that could be approved by this officer.

On December 23, 2019, this officer spoke with the offender and she assured this officer she had spent the night at the House of Charity shelter as instructed. The undersigned officer contacted the shelter and was informed that no one by that name had checked in or spent the night at their facility.

This officer later called Ms. Thomason back and informed her of the information gathered from the shelter and she eventually admitted she had not stayed at the shelter and instead stayed at a friend's house, which was previously denied by the U.S. Probation Office.

4   **Special Condition #6**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility.

Prob12C
Re: Thomason, Mandy Lee
January 2, 2020
Page 3

**Supporting Evidence**: On or about December 30, 2019, Mandy Thomason violated the conditions of her supervision by failing to report to the Spokane Residential Reentry Center (RRC) where she was scheduled to begin her public-law placement.

On October 5, 2017, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Ms. Thomason, as outlined in the judgment and sentence. She signed a copy acknowledging the requirements.

After suddenly moving out of her mother's home earlier in the month and being unable to provide this officer with a stable and suitable residence, a modification of Ms. Thomason's conditions of supervision was requested to incorporate RRC placement on December 20, 2019. The Court ordered the modification of conditions later that same day.

On December 23, 2019, this officer received notification Ms. Thomason had been approved for public law placement at the RRC effective December 30, 2019. The offender was notified that same day that she would need to report to the RRC on the morning of December 30, 2019, and although unhappy about having to reside at the RRC, she confirmed she understood.

On December 31, 2019, this officer spoke with RRC staff who confirmed Ms. Thomason did not check in as instructed. This officer subsequently attempted to call and text Ms. Thomason. She eventually sent this officer a text message confirming she did not report to the RRC because she had appointments to attend. This officer responded to Ms. Thomason asking why she had not attempted to contact this officer and instructed her to call this officer as soon as possible. This officer has not heard from her since.

The U.S. Probation Office respectfully recommends the Court issue a **WARRANT** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 01/02/2020

s/Amber M. K. Andrade

Amber M. K. Andrade
U.S. Probation Officer

Prob12C
Re: Thomason, Mandy Lee
January 2, 2020
Page 4

THE COURT ORDERS

[ ]  No Action
[✓]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

_____
Signature of Judicial Officer

01/03/2020
Date